UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT JOHN SUMMA,

                              Plaintiff,

               -against-

THOMAS P. URSCHEL; JENNIFER WEST;
AMYLYNN ROYCROFT; UNKNOWN
CORRECTIONS SERGEANTS AND
OFFCERS,

                            Defendants.

25-CV-5599 (LTS)

TRANSFER ORDER AND
ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated at Woodbourne Correctional Facility ("Woodbourne" or "WCF"), brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights at Woodbourne Correctional Facility and Attica Correctional Facility ("Attica"). Named as Defendants are Attica Physician's Assistant Thomas P. Urschel; Attica Nurse Administrator Jennifer West; Woodbourne Nurse Administrator AmyLynn Roycroft; and "unknown Corrections Seargeants and Officers" at Woodbourne. (ECF 1 at 1.) By order dated August 21, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court severs Plaintiff's claims arising at Attica Correctional Facility and transfers those claims to the Western District of New York, and grants Plaintiff leave to file an amended complaint with respect to his claims arising at Woodbourne within 60 days of the date of this order. The Court

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

also denies Plaintiff's application for the court to request *pro bono* counsel without prejudice to renewal at a later time.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

2

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against two officials at Attica Correctional Facility—Physician's Assistant Thomas P. Urschel and Nurse Administrator Jennifer West—and Nurse Administrator AmyLynn Roycroft at Woodbourne Correctional Facility. He also names "unknown Corrections Seargeants and Officers" at Woodbourne. (ECF 1 at 1.) The following allegations are drawn from the complaint.[2] In June 2021, Plaintiff's right shoulder was injured while on a New York City Department of Correction bus on Rikers Island. In 2022, he was sent to Attica, where he was "promised physical therapy" and an MRI, but he never received them. (*Id.* at 4.)

In November 2023, Plaintiff was transferred to Woodbourne, where he saw a doctor and physician's assistant. Plaintiff "waited months" before Dr. Ruiz, who is not named as a defendant, "put [him] in for therapy." (*Id.* at 21.) In October or November 2024, Plaintiff went for an initial assessment with the physical therapist, who told him that he needed physical therapy once a week for eight weeks before he could have an MRI. An appointment was scheduled for February 2025, but "[t]hen the officers walked off the job on an illegal strike," and Plaintiff's appointment was rescheduled for May 2025. (*Id.*)

In March 2025, Plaintiff filed a grievance with prison officials about the delays in receiving medical treatment. He also wrote two letters to Defendant Nurse Administrator

---

[2] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other spelling, grammar, and punctuation are as in the complaint unless otherwise noted.

Roycroft, which she later stated that she never received. In one such letter, dated March 23, 2025, which Plaintiff attaches to the complaint, Plaintiff stated that he was scheduled for physical therapy for a shoulder injury, but that it had been delayed due to the correction officers' strike. Plaintiff asked Ms. Roycroft whether a physical therapist could come into the facility to treat him and stated that "[t]his has been going on four (4) years now," that he did not have "full range of motion" of his right arm, and that he was "in pain every day." (*Id.* at 13.)

On May 30, 2025, Plaintiff went to Woodbourne medical clinic and was told that his physical therapy appointment was rescheduled for June 2025. Plaintiff attaches a May 30, 2025 letter from Woodbourne medical staff reminding Plaintiff that "DOCC policy does not permit exact dates of outside trips disclosed to incarcerated individuals for security reasons," but that his physical therapy sessions would begin in two weeks. (*Id.* at 16.)

Plaintiff also attaches a May 6, 2025 response to his grievance from the Inmate Grievance Resolution Committee, which states that the Nurse Administrator "did not receive any correspondence" from Plaintiff, and that "he is approved and scheduled for physical therapy, but that WCF does not currently have a physical therapist." (*Id.* at 14.) Plaintiff also attaches the Superintendent's response to his grievance, which also states that Woodbourne does not currently have a physical therapist, but that Plaintiff's physical therapy will resume "[w]hen a Provider is made available at this facility." (*Id.* at 15.)

Plaintiff seeks money damages and an injunction directing the facility to provide him with treatment for his shoulder injury.

## DISCUSSION

### A.    Severance of claims arising at Attica Correctional Facility

Rules 18 and 20 of the Federal Rules of Civil Procedure govern the joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a

4

particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Rule 20(a)(2) permits a plaintiff to join multiple defendants in one action if: (1) a right to relief is asserted against all of the defendants, or the claims arise out of the same transaction, occurrence, or series of transactions, and (2) questions of law or fact are common to all defendants. *See id.* Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all Defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic*, 673 F. Supp. 2d at 167.

Rule 21 of the Federal Rules of Civil Procedure provides that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In determining whether to sever a claim, courts consider "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*, 596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845 (SHS) (RLE), 2007 WL 2826649, at *8 (S.D.N.Y. Aug. 31, 2007)). Put simply, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-

9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Where a plaintiff is incarcerated and asserts claims arising at two different correctional facilities, courts often disallow joinder when the defendants from the first facility are not involved in any conduct at the second facility. *See, e.g.*, *Smith v. Goord*, No. 04-CV-6432 (CJS), 2006 WL 2850597, at *3 (W.D.N.Y. Sep. 22, 2006) (disallowing joinder of claims against defendants at different correctional facilities where there was no suggestion that original defendants were involved in the actions taken against plaintiff in a different facility more than one year later), *report and recommendation adopted*, 2007 WL 496371 (W.D.N.Y. Feb. 12, 2007); *Webb v. Maldanado*, No. 13-CV-144 (RNC), 2013 WL 3243135, at *3 (D. Conn. June 26, 2013) (stating that "[u]nrelated claims against different defendants belong in different suits . . . to prevent the sort of morass" created by a complaint with more than twenty defendants and countless unrelated claims (citation and internal quotation marks omitted)).

Here, Plaintiff brings claims against defendants at both Attica and Woodbourne Correctional Facilities. Although both sets of claims involve allegations that Plaintiff was denied medical care, each set of claims arises from different events and different sets of circumstances. In other words, the claims arising at Attica and Woodbourne Correctional Facilities did not arise from the same set of events or involve the same defendants. Severance of these two sets of claims is therefore appropriate, and the Court severs the claims against Mr. Urschel and Ms. West arising at Attica Correctional Facility from those claims against Ms. Roycroft arising at Woodbourne.

**B.**      **Transfer of claims arising at Attica Correctional Facility**

When a court orders the severance of claims, it creates two or more separate "actions,"

and the court may transfer one separate action while retaining jurisdiction of another. *Wyndham*

*Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968).

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28

U.S.C. § 1391(c)(1), (2).

Plaintiff's claims regarding events at Attica arose in Wyoming County, New York, which

is located within the Western District of New York. *See* 28 U.S.C. § 112. Although Plaintiff does

not provide residential addresses for Mr. Urschel and Ms. West, he does allege that they are

employed at Attica in Wyoming County. From the face of the complaint, therefore, venue does

not appear proper in this Court under Section 1391(b)(1), (2). Because the events giving rise to

these claims occurred in Wyoming County, venue is proper under Section 1391(b)(2) in the

Western District of New York.

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall

dismiss, or if it be in the interest of justice, transfer such case to any district or division in which

it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims against the Attica defendants

arose in Wyoming County, New York, which is in the Western District of New York. *See* 28

U.S.C. § 112. Accordingly, venue for these claims lies in the Western District of York, 28 U.S.C.

§ 1391(b)(2). In the interest of justice, the Court transfers Plaintiff's claims against Mr. Urschel

and Ms. West, which arose in Wyoming County, to the United States District Court for the

Western District of New York. *See* 28 U.S.C. § 1406(a).

**C.     Claims arising at Woodbourne**

Plaintiff asserts claims that Ms. Roycroft and the unknown correction officers at

Woodbourne denied him adequate medical care. To establish a Section 1983 claim for inadequate

medical care in violation of the Eighth Amendment, a plaintiff must show that correction

officials were deliberately indifferent to the plaintiff's serious medical condition. *See Estelle v.*

*Gamble*, 429 U.S. 97, 104-05 (1976). Deliberate indifference is evaluated under a two-pronged

test comprised of both objective and subjective components. *See Hill v. Curcione*, 657 F.3d 116,

122 (2d Cir. 2011).

To satisfy the objective element, a plaintiff must allege "that the conditions, either alone

or in combination, pose an unreasonable risk of serious damage to his health" or safety, which

"includes the risk of serious damage to 'physical and mental soundness.'" *Darnell v. Pineiro*, 849

F.3d 17, 30 (2d Cir. 2017) (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting

*LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). The deliberate indifference standard

"contemplates a condition of urgency such as one that may produce death, degeneration, or

extreme pain." *Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*,

219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious"

condition that "could result in further significant injury or the unnecessary and wanton infliction

of pain" (internal quotation marks and citation omitted)).

When medical treatment was provided, but a complaint alleges that treatment was

delayed or inadequate, the relevant concern is not "the severity of the prisoner's underlying

medical condition," but the "particular risk of harm faced by a prisoner due to the challenged deprivation of care." *Smith v. Carpenter*, 316 F.3d 178, 186 (2d Cir. 2003) (holding that issue was not whether HIV is a serious illness but whether the brief delay in obtaining HIV medication risked serious harm); *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006) (seriousness inquiry is focused on the alleged inadequacy). Courts within this Circuit generally limit finding deliberate indifference based on such delays in treatment to "'cases in which, for example, officials deliberately delayed care as a form of punishment; ignored a life-threatening and fast-degenerating condition for three days; or delayed major surgery for over two years.'" *See Ridge v. Davis*, No. 18-CV-8958 (JCM), 2022 WL 357020, at *14 (S.D.N.Y. Feb. 7, 2022) (quoting *Demata v. New York State Corr. Dep't of Health Servs.*, 198 F.3d 233 (2d Cir. 1999)).

The subjective component of the deliberate indifference standard requires a prisoner to show that the defendant officials acted with a "sufficiently culpable state of mind" in depriving him of adequate medical treatment. *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (citing *Salahuddin*, 467 F.3d at 280). A convicted prisoner must show that a prison official "kn[ew] of and disregard[ed] an excessive risk to [the prisoner's] health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must [have] also draw[n] the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). That is, a prisoner must state facts showing that the defendant possessed "a state of mind that is the equivalent of criminal recklessness." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).

Here, Plaintiff alleges that he injured his right shoulder, but he provides no other facts about the nature of his injury. He does not allege facts suggesting that the injury was one that would "produce death, degeneration, or extreme pain." *Charles*, 925 F.3d at 86. Furthermore,

although Plaintiff alleges that his physical therapy has been delayed, he does not allege facts suggesting that the delay in providing physical therapy was a deliberate form of punishment or that his condition was life-threatening or quickly degenerating. *See Ridge*, 2022 WL 357020, at *14. Thus, Plaintiff has not alleged sufficient facts to satisfy the objective prong of the deliberate indifference test.

Even if Plaintiff did show that he suffered from an objectively serious medical condition, he does not allege facts suggesting that Defendant Roycroft knew of and disregarded his condition. Plaintiff wrote two letters to Ms. Roycroft; one letter he provides is dated March 23, 2025, which is only three months before he filed the complaint in this action. According to documents attached to the complaint, however, Ms. Roycroft stated that she did not receive his letters, but noted that Plaintiff was approved for physical therapy and that he would receive such therapy once a physical therapist was available.[3] Plaintiff's allegations do not suggest that Roycroft acted with "a state of mind that is the equivalent of criminal recklessness." *Hathaway*, 99 F.3d at 553.

For these reasons, Plaintiff has failed to state a Section 1983 claim against Ms. Roycroft for providing inadequate medical care. The Court grants Plaintiff leave to amend his claims to address the deficiencies identified above.

**D.      Application to request counsel**

Plaintiff filed an application for the court to request *pro bono* counsel. (ECF 5.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and

---

[3] Even if the Court were not to consider the attached documents discussing Roycroft's response as part of the operative complaint, Plaintiff still does not allege facts suggesting that Roycroft acted with the requisite intent.

present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because Plaintiff has not demonstrated that his claims have merit, and because the Court has granted him leave to amend his complaint, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim against Roycroft, for providing constitutionally inadequate medical care, the Court grants Plaintiff 60 days' leave to amend his complaint cure the deficiencies identified above.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

The Court severs Plaintiff's claims against Mr. Urschel and Ms. West, which arose at Attica Correctional Facility. The Clerk of Court is directed to transfer the claims brought against

11

Defendants Urschel and West to the United States District Court for the Western District of New York. The Clerk of Court is also directed to terminate these defendants from this action, without prejudice to the litigation of Plaintiff's claims against these defendants in the Western District of New York.

Plaintiff is granted leave to file an amended complaint asserting claims that arose at Woodbourne Correctional Facility that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 25-CV-5599 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court denies Plaintiff's application for the court to request *pro bono* counsel without prejudice to renewal at a later time. (ECF 5.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     January 2, 2026
           New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐    **Federal Question**

☐    **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial              Last Name

_____

Street Address

_____

County, City                              State                    Zip Code

_____

Telephone Number                          Email Address (if available)

Page 3

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:
First Name                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                     State                     Zip Code

Defendant 2:
First Name                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                     State                     Zip Code

Defendant 3:
First Name                     Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                     State                     Zip Code

Defendant 4:

_____

First Name                        Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                      State           Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |
| First Name          Middle Initial | Last Name |
| Street Address | |
| County, City | State          Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.