USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/3/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT JOHN SUMMA,

                          Plaintiff,

           -against-

NEW YORK STATE DEPT. OF
CORRECTIONS AND COMMUNITY
SUPERVISION; NURSE ADMINISTRATOR
AMY ROYCROFT; P.A. G. SWITZ; DOCTOR
VERONICA RUIZ; JOHN AND JANE DOE
MEDICAL AND SECURITY PERSONNEL,

                          Defendants.

25-CV-5599 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff, who currently is incarcerated at Woodbourne Correctional Facility, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants provided him with constitutionally inadequate medical care.[1] By order dated August 21, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court dismisses Plaintiff's claims against the New York State Department of Corrections and Community Supervision ("DOCCS") and directs service on the remaining named Defendants.[3]

_____

[1] By order dated January 2, 2026, Chief Judge Laura Taylor Swain severed Plaintiff's claims arising at Attica Correctional Facility, transferred those claims to the United States District Court for the Western District of New York, and directed Plaintiff to file an amended complaint with respect to his claims arising at Woodbourne Correctional Facility. (ECF 7.) The court received Plaintiff's amended complaint on January 28, 2026. The amended complaint (ECF 8) is the operative pleading.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[3] Plaintiff also sues an unspecified number of "John and Jane Doe Medical and Security Personnel." Because Plaintiff does not allege facts explaining how these individual defendants were involved in the events giving rise to his claims and does not provide sufficient information

**STANDARD OF REVIEW**

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**DISCUSSION**

**A.　　Claims against DOCCS**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity[.]" *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against DOCCS, which

---

that would allow DOCCS to identify them, the Court declines, at this time, to issue an order, pursuant to *Valentin v. Dinkins*, 121 F.3d 71, 76 (2d Cir. 1997), directing DOCCS to assist in identifying them.

is an agency of the State of New York, are therefore barred by the Eleventh Amendment and are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

**B.    Service on remaining named defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[4] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Amy Roycroft, Genevieve Switz, and Veronica Ruiz through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[4] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the amended complaint until the Court reviewed the amended complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

**CONCLUSION**

The Court dismisses Plaintiff's claims against the New York State Department of Corrections and Community Supervision as barred by the Eleventh Amendment. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is directed to issue summonses for Defendants Amy Roycroft, Genevieve Switz, and Veronica Ruiz, complete the USM-285 form with the address for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   March 3, 2026
         White Plains, New York

                                    NELSON S. ROMÁN
                                    United States District Judge

4

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.      Nurse Administrator Amy Roycroft
        Woodbourne Correctional Facility
        99 Prison Road
        Box 1000
        Woodbourne, NY 12788-1000

2.      Physician Assistant Genevieve Switz
        Woodbourne Correctional Facility
        99 Prison Road
        Box 1000
        Woodbourne, NY 12788-1000

3.      Dr. Veronica Ruiz
        Woodbourne Correctional Facility
        99 Prison Road
        Box 1000
        Woodbourne, NY 12788-1000